IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID FOSTER | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00017 |
| | ) | |
| KYLE GRAVES, et al. | ) | |

**TO:** Honorable Eli J. Richardson, United States District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 18, 2022 (Docket Entry No. 6), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss and for summary judgment (Docket Entry No. 22) of Defendants Kyle Graves, Donelle Harris, and Dana Thomas. Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and this action be dismissed.

### I. BACKGROUND

David Foster ("Plaintiff") is a former inmate of the Tennessee Department of Correction ("TDOC"). On January 11, 2022, he filed this *pro se* and *in forma pauperis* lawsuit, seeking relief under 42 U.S.C. § 1983 for violations of his federal constitutional rights allegedly committed at the Trousdale Turner Correctional Center ("Trousdale") in Hartsville, Tennessee, where he was confined when the lawsuit was filed. *See* Complaint (Docket Entry No. 1). Upon initial review of the complaint under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court dismissed all claims

except for Eighth Amendment claims against Trousdale staff members Kyle Graves ("Graves"), Donelle Harris ("Harris"), and Dana Thomas ("Thomas"). Plaintiff alleges that Graves used unnecessary and excessive force against him on August 6, 2021, when Graves physically attacked him and that Harris and Thomas bear supervisory liability for the attack because they encouraged and authorized the attack by Graves. *See* Memorandum Opinion (Docket Entry No. 5) at 2-7.

After Defendants filed an answer, a scheduling order was entered that provided for a period of pretrial activity in the case. *See* Docket Entry Nos. 18 and 19. The docket reflects that Plaintiff has taken no action in the case since late January, 2022, when he returned completed summons and service packets for the three Defendants. *See* Docket Entry No. 7. Although Plaintiff was advised in the Court's initial review order of his obligation to keep the Clerk's Office informed of his current address, *see* Order at 3, he has not filed a change of address notice, and mail sent by the Court to him at Trousdale has repeatedly been returned as undeliverable with the notion " inmate paroled/discharged." *See* Docket Entry Nos. 16, 17, 21, and 29.

## II. MOTION FOR SUMMARY JUDGMENT

In their motion, Defendants first argue that dismissal of this action without prejudice is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. They contend that Plaintiff's failure to keep the Court and Defendants advised of his new address upon his release from prison contravenes the Court's specific directive on this issue, prejudices their ability to defend the case, and evidences a willful failure by Plaintiff to prosecute his case. Defendants next argue that the undisputed evidence shows that excessive force was not used against Plaintiff by Defendant Graves and also shows that Defendants Harris and Thomas did not encourage or participate in any

2

use of force against Plaintiff. Defendants further contend that there is no evidence that would permit any reasonable jury to find in favor of Plaintiff on his claims.

By Order entered November 7, 2022 (Docket Entry No. 28), the Court gave Plaintiff a deadline of December 2, 2022, to file a response to the motion. Like the prior Court mailings sent to Plaintiff that were returned, this Order was likewise returned as undeliverable with the notation "inmate paroled/discharged." *See* Docket Entry No. 29.

### III. ANALYSIS

After review of the docket, the Court finds that dismissal of the case is warranted because of Plaintiff's failure to comply with the Court's order to keep the Clerk informed of his current address and his failure to prosecute the case. Given this clear basis for dismissal of the case, the Court declines to expend judicial resources analyzing the part of Defendants' motion that requests summary judgment in their favor.[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C)

---

[1] If Plaintiff reappears in the case, shows good case for his failure to prosecute, and obtains appropriate relief from any order disposing of this case, Defendants may renew their request for summary judgment.

fails to obey a scheduling or other pretrial order ." One of the sanctions set forth in Rule 37(b)(2), and incorporated by reference into Rule 16(f), includes the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Finally, it is well settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626 (1961). The imposition of sanctions and the type of sanctions imposed by the Court for failure to comply with the Court's orders and for failure to prosecute a case are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant its dismissal. Plaintiff was specifically advised by the Court that he must inform the Clerk of any change of address, but he failed to comply with this directive upon his release from prison. As indicated by the repeated return of court-generated mail sent to Plaintiff, the Court does not have a good mailing address for him. As a result, neither the Court, nor counsel for Defendants, can communicate with Plaintiff. The case cannot proceed with an absent plaintiff.

Contrary to Defendants' suggestion that the case be dismissed without prejudice, the Court finds that dismissal of the case with prejudice is appropriate in light of the impasse in further proceedings caused by Plaintiff's failure to prosecute, his apparent disinterest in the action, and the fact that his current whereabouts are unknown. Neither the Court nor Defendants should be required to expend any further resources in the case given Plaintiff's apparent disinterest in continuing to litigate the case. A sanction lesser than dismissal is not warranted. Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway,

proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as keeping the Court informed of a good mailing address and remaining involved in the case.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the motion to dismiss and for summary judgment (Docket Entry No. 22) of Defendants Kyle Graves, Donelle Harris, and Dana Thomas be GRANTED IN PART as set out herein and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

5