IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00017 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| KYLE GRAVES et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 30), recommending that Defendants' motion to dismiss and for summary Judgment and (Doc. No. 22) be granted. No Objections to the Report and Recommendation have been filed.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

The R&R was mailed out to Plaintiff, who is proceeding pro se, by the Clerk's office, and such mailing reflects a date of December 9, 2022. (Doc. No. 31). On December 13, 2022, such

mailing was returned to the Clerk's Office with the Post Office's notation, "Return to Sender, Refused, Unable to Forward." (*Id.*). This actually comes as no surprise, given that part of the basis of the Magistrate Judge's recommendation to dismiss pursuant to Rule 41(b) is Plaintiff's failure to keep the Court informed of a good mailing address, as was clearly necessary here given that prior mailings from the Clerk to Plaintiff's address of record have been returned. (Doc. No. 30 at 3–4). The Court realizes that Plaintiff did not receive a copy of the R&R from the Court, and thus would not have known of the deadline to respond to it (unless he somehow received actual notice in some other way). But as just indicated, this falls at the feet of Plaintiff; he did not receive a copy of the R&R from the Clerk for one of the exact reasons the R&R recommends dismissal of this action. Under these circumstances, Plaintiff is not entitled to relief from the 14-day deadline based on a lack of notice of the R&R.

Nonetheless, the Court has reviewed the Report and Recommendation and the file for context as to the case. The Report and Recommendation is adopted and approved. Accordingly, Defendants' motion to dismiss and for summary judgment (Doc. No. 22) is GRANTED in part. This action is DISMISSED, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE